UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

JAMES CONNER,

    Plaintiff,

v.

WARDEN RICHARD B. IVES, *et al.*,

    Defendants.

Civil Action No. 6:11-00259-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Plaintiff James Conner, confined in the United States Penitentiary-McCreary, ("USP-McCreary"), located in Pine Knot, Kentucky, has filed a *pro se* civil rights Complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1].[1]

As Conner has been granted *in forma pauperis* status and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be

---

[1] The named defendants are: (1) Richard B. Ives, Warden, USP-McCreary; (2) "R." Jones, Health Services Administrator, USP-McCreary; (3) "C." Goodpastor, Healthcare Worker, USP-McCreary; and (4) Dr. Charles Shank, of the University of Tennessee Memorial Hospital ("UTMH").

granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

Conner alleges that the defendants denied him proper medical care after he sustained a broken jaw. That claim falls under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Conner further alleges that the defendants denied him due process of law. That claim falls under the Fifth Amendment of the United States Constitution. Conner seeks $2 million in damages to compensate him for the permanent disfigurement of his jaw, his pain and suffering, and denial of his right to due process.

As explained below, Conner's constitutional claims against the three USP-McCreary defendants will be dismissed without prejudice for lack of administrative exhaustion. Conner's constitutional claims against the Tennessee defendant will be dismissed with prejudice, but Conner may assert negligence/medical malpractice claims against that defendant in the state courts of Tennessee.

## ALLEGATIONS OF THE COMPLAINT

Conner states that on April 4, 2011, while playing basketball with other USP-McCreary inmates, he was accidently struck in the jaw, and bled from the mouth. Conner reported to "sick call" at USP-McCreary on April 7, 2011. Dr. Lynch, a dentist, examined Conner and ordered him to be transported to the UTMH. There,

Dr. Charles Shank performed emergency surgery to repair Conner's broken jaw (mandibular fracture) by inserting plates and braces in his jaw to stabilize the injury. *See* "Operative Report," [D. E. No. 1-1, p. 5].

Conner was kept in the hospital only one night and upon return his to USP-McCreary, Lieutenant Chaney confined him in the Special Housing Unit ("SHU") for six weeks. Conner later developed an infection in the surgical area and alleges that the filthy conditions in the SHU contributed to the infection. The infection delayed the removal of the braces and plates for several weeks. [D. E. No. 1, p. 3]; *see also*, Medical Notes from June 15-16, 2011, [D. E. No. 1-1, pp. 11-12]. Conner stated that on August 1, 2011, his braces and plates were removed at the UTMH.

On August 2, 2011, Conner awoke experiencing pain in his jaw and determined that his jaw had separated. Conner alleges that when he complained to Assistant Warden Orman about his medical condition and pain on Friday, August 12, 2011, Ormon took his (Conner's) identification card but never followed up with him. Conner alleged that as of August 15, 2011, he had not seen anyone in the medical field who could address his needs; that he was having difficulty eating, drinking, and opening his mouth; and that he was experiencing considerable pain due to the

3

separation of his lower jaw.[2]

In mid-August 2011, Conner submitted an "Inmates' Informal Resolution Form," to his Counselor. [D. E. No. 1-1, p. 1]. Conner described the problems he was experiencing with his jaw and asked to be to be examined and treated by an outside physician who specializes in dentistry ". . .in order for me to be able to eat properly, drink properly without pain." [*Id.*]. Conner stated that he had conveyed his medical complaints to "R." Jones, USP-McCreary Health Services Administrator, Acting Warden Ormon, and Lieutenant Chaney.

On August 15, 2011, Conner's Unit Manager (name unintelligible) and his Correctional Counselor, identified as "M." Lawson, responded that Conner had been seen and evaluated that morning (August 15, 2011), and that Conner would be seen by an oral surgeon. [*Id.*]. Conner seeks a waiver of the remainder of the Bureau of Prisons ("BOP") administrative remedy process, because he ". . . was seeking an emergency attention [sic], which was termed fruitless." [*Id.*, p. 2].

---

[2] In one passage of the Complaint, Conner indicated that he had written the Complaint on August 15, 2011, stating that "**As of today, 8-15-2011**, I have not seen anyone in the medical field that could address my needs," [D. E. No. 1, p. 4] (emphasis added), but Conner dated his Complaint "August 30, 2011," [D. E. No. 1, p. 9]. The mail processing stamp from USP-McCreary reveals that the Complaint was not processed in USP-McCreary mail-room until September 12, 2011, [D. E. No. 1-2, p. 1]. The Clerk of the Court received and filed Conner's Complaint on September 13, 2011.

4

## DISCUSSION

1. <u>Constitutional Claims Against Defendants Ives, Jones, and Goodpastor</u>

Conner's Fifth and Eight Amendment claims against USP-McCreary Warden Richard B. Ives and USP-McCreary Health Services Administrator "R." Jones must be dismissed without prejudice because it is clear from Conner's Complaint that he failed to fully exhaust those claims prior to filing this action.

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before filing suit challenging any aspect of their prison conditions. The four-tiered administrative remedy scheme available to BOP inmates complaining about any aspect of their confinement is set out in the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19.[3]

---

[3]
The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

The Supreme Court of the United States has twice held that the statute means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90.

It is obvious from Conner's Complaint that he has not properly exhausted either his Fifth or Eighth Amendment claims against Ives, Jones, and Goodpastor. Conner admits that he submitted only a BP-8 request for informal resolution in mid-August 2011. In other words, Conner short-circuited the BOP's exhaustion process by filing this lawsuit on September 13, 2011.

Because Conner did not receive the relief he sought at the preliminary informal resolution stage, he asks to be relieved of the obligation of pursuing the additional three steps of the BOP administrative remedy process. But under the PLRA, exhaustion is required even if the prisoner subjectively believes that the administrative remedy procedure is ineffectual or futile. *Pack v. Martin*, 174 F. App'x. 256, 262 (6th Cir. 2006). Therefore, Conner will not be allowed to by-pass the remaining three steps of the BOP administrative process with respect to his Fifth

and Eighth Amendment claims against Ives, Jones, and Goodpastor.[4]

Further, when the affirmative defense of failure to exhaust appears on the face of a complaint, a district court can dismiss the complaint *sua sponte* on the ground that it fails to state a claim. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that a case under the PLRA can be dismissed *sua sponte* for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies).

This Court, and other district courts in this circuit, have held that in light of *Jones*, *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010]; *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

---

[4] Further, 28 C.F.R. § 542.18, states that " . . . If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing." [*Id.*]. Conner has not alleged that he notified Warden Ives that his request for medical treatment was of an emergency nature.

Accordingly, Conner's Fifth and Eighth Amendment claims against Ives, Jones, and Goodpastor will be dismissed without prejudice to Conner filing another *Bivens* action after he has completed the administrative remedy process.[5]

## 2. Eighth Amendment Claims Against Dr. Shank

Conner's Eighth Amendment claims against Dr. Shank will be dismissed for failure to state a claim upon which relief can be granted. While Conner clearly alleged that USP-McCreary officials violated his Eighth Amendment rights by failing or refusing to ensure he received proper medical treatment, he alleged no facts establishing that Dr. Shank was deliberately indifferent to his serious medical needs.

Conner alleged only these facts: (1) Dr. Shank operated on him, on an emergency basis, at the UTMH; (2) several weeks after the surgery, his jaw separated and he developed an infection after being confined in a dirty SHU at USP-McCreary ; and (3) USP-McCreary officials failed or refused to respond to one written request demanding different medical treatment. But Conner alleged no specific wrongdoing, either deliberate or negligent, by Dr. Shank. As the Supreme Court has explained, more is required than "unadorned, the-defendant-unlawfully-harmed me accusations."

---

5

If, after fully exhausting the claims he asserted in this action, Conner files a future *Bivens* civil rights action, he *may* qualify for a waiver of the $350.00 filing fee, but only if he asserts the same claims he raised in this action. *See Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). The *Owens* fee-waiver will not apply if Conner expands the scope of his claims and asserts unrelated civil rights claims.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 550 (2007).

Conner made only one statement that could even remotely be construed as a complaint about the medical treatment he received from Dr. Shank. He stated that on August 2, 2011, the day after his plates and braces were removed, he awoke in pain, and that his jaw had separated. [D. E. No. 1, p. 4]. A complaint will not "suffice if it tenders 'naked assertion[s] devoid of further factual enhancement.' " *Ashcroft*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 557 (citations omitted).

The "deliberate indifference" standard of Eighth Amendment contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008). The objective component is satisfied where the conditions or treatment complained of are sufficiently serious to present a substantial risk of serious harm. *Wilson*, 501 U.S. at 297. In more basic terms, the objective component requires the existence of a sufficiently serious medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The subjective component requires a plaintiff to show "that the official [knew] of and disregard[ed] an excessive risk to inmate health or safety, which is to say the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837(1994)) (internal quotation marks omitted)); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The party asserting a claim of inadequate medical care bears the burden of proving that the decisions were deliberate or knowing. *Pack v. Martin*, 174 F. App'x. 256, 259 (6th Cir. 2006).

Here, Conner's jaw fracture clearly qualified as a serious medical need, but Conner did not allege that Dr. Shank deliberately ignored or refused to treat his medical condition. He alleged just the opposite: that upon his arrival at the UTMH, Dr. Shank immediately operated on him in response to his serious medical needs. Thus, Conner has failed to satisfy the objective component of his Eighth Amendment claims against Dr. Shank.

Further, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex re. Estate of Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir.1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). An inmate does not have the right to choose his medical treatment, and the mere fact that he disagrees with the treatment he is given does not serve to establish that his medical care was inadequate, let alone that those

treating him acted with deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996); *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir. 1994).

Conner's construed disagreement or dissatisfaction with the medical treatment he received from Dr. Shank raises, at best, a state tort law question of medical negligence, not deliberate indifference under the Eighth Amendment. *Sanderfer v. Nichols*, 62 F. 3d 154-55. *See Westlake*, 537 F.2d at 860, n.5. If Conner wishes to pursue negligence/medical malpractice claims against Dr. Shank, he must do so in the state courts of Tennessee, not in federal court.[6] Conner's Eighth Amendment medical claims against Dr. Shank will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

---

[6]

The doctrine of sovereign immunity may bar Conner's claims, if any, against either the UTMH or Dr. Shank. The University of Tennessee Medical Center has long been recognized as an arm of the State of Tennessee. *Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980), *Hiefner v. University of Tennessee*, 914 F.Supp. 1513, 1515 (E.D. Tenn. 1995); *Mirabella v. University of Tennessee*, 915 F.Supp. 925, 927-28 (E.D. Tenn. 1994), *Kersavage v. University of Tennessee*, 731 F.Supp. 1327, 1330 (E.D. Tenn. 1989).

The Tennessee Claims Commission has exclusive jurisdiction to determine all monetary claims against the state of Tennessee based on the acts or omissions of "state employees." Tenn. Code Ann. § 9-8-307(a)(1). Included in that category are claims alleging "Legal or medical malpractice by a state employee; provided, that the state employee has a professional/client relationship with the claimant." *Id.*, § 9-8-307(a)(1)(D).

(1) Plaintiff James Conner's Fifth Amendment due process claims, and his Eighth Amendment medical claims, against (a) Richard B. Ives, Warden of USP-McCreary; (b) "R." Jones, Health Services Administrator of USP-McCreary; and (c) "C." Goodpastor, Healthcare Worker, USP-McCreary, are **DISMISSED WITHOUT PREJUDICE** for obvious failure to exhaust;

(2) If Conner intends to file another federal civil rights action asserting Fifth and/or Eighth Amendment claims, or any other conditions of his confinement, he must fully exhaust such claims through the BOP's administrative remedy procedures and either pay the $350.00 filing fee or seek permission to proceed *in forma pauperis*;

(3) Conner's Eighth Amendment deliberate indifference claims against Dr. Charles Shank of the University of Tennessee Memorial Hospital are **DISMISSED WITH PREJUDICE**;

(4) This action is **DISMISSED** from the docket of the Court; and

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 30th day of November, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge